**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASIN KIATTHANAWANICH, | No. 17-70924 |
| Petitioner, | |
| v. | Agency No. A087-268-556 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Wasin Kiatthanawanich, a native and citizen of Thailand, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order denying his application under 8 U.S.C.

§ 1186a(c)(4)(B) for waiver of the joint filing requirement to remove the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conditional basis of his lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determinations with respect to Kiatthanawanich and his two witnesses, based on numerous inconsistencies between Kiatthanawanich's testimony, his witnesses' testimony, and his documentary evidence. *See* 8 U.S.C. § 1229a(c)(4)(B)-(C); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (adverse credibility determinations must be supported by specific and cogent reasons, and assess the totality of the circumstances). Kiatthanawanich's explanations for the inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Accordingly, substantial evidence also supports the agency's denial of Kiatthanawanich's application for a waiver under 8 U.S.C. § 1186a(c)(4)(B), where the testimonial and documentary evidence of record do not compel reversal of the agency's determination that Kiatthanawanich failed to meet his burden of establishing that he entered into his marriage in good faith. *See* 8 U.S.C. § 1186a(c)(4)(B); 8 C.F.R. § 216.5(e)(2); *Oropeza-Wong*, 406 F.3d at 1148 ("Although it might be possible to reach a contrary conclusion on the basis of the

2                                                                              17-70924

record, under the substantial evidence standard, the evidence presented here does not compel a finding that [petitioner] met his burden of proving that the marriage was entered into in good faith.").

We reject Kiatthanawanich's contentions that the agency applied an incorrect legal standard or failed to consider relevant factors, where it concluded that Kiatthanawanich did not establish that he intended to establish a life together with his ex-wife at the time they were married, and cited pertinent legal authorities. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

**PETITION FOR REVIEW DENIED.**